# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA　　　　:

　　　v.　　　　　　　　　　:　　　**CRIMINAL NO. 26-252**

EDWARD EBERWINE　　　　　　:

## GOVERNMENT'S CHANGE OF PLEA MEMORANDUM

**I.　　BACKGROUND**

Defendant Edward Eberwine is charged in an indictment in the Southern District of

Florida with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). This

matter has now been transferred to this district, and the defendant has notified the government

through his counsel that he wishes to plead guilty to the indictment.

**II.　　APPLICABLE STATUTE AND ESSENTIAL ELEMENTS OF THE OFFENSE**

To obtain a conviction for possession of child pornography, in violation of 18 U.S.C. §

2252(a)(4)(B), the government must prove beyond a reasonable doubt that the defendant:

(1)　　Knowingly possessed

(2)　　Any child pornography, that is, any visual depiction that involved the use of a minor engaging in sexually explicit conduct

(3)　　And that visual depiction is of such conduct

(4)　　That has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or

(5)　　Which was produced using materials which have been mailed or so shipped or transported by any means, including by computer.

*U.S. v. Franz*, 722 F.3d 134, 154-155 (3d Cir. 2014).

### III.   MAXIMUM PENALTIES

The statutory maximum penalty is a term of imprisonment of 20 years, a mandatory minimum of 5 years up to a lifetime of supervised release, mandatory restitution of at least $3,000 per child victim, a fine of $250,000, a special assessment of $100, and, if found not to be indigent, an additional mandatory special assessment of $5,000 must be imposed pursuant to 18 U.S.C. § 3014, and an additional assessment of up to $17,000 pursuant to 18 U.S.C. § 2259A. Forfeiture of any child sexual abuse material or any matter that contains such visual depictions and any property used or intended to be used to commit or promote the commission of the offense also may be ordered.

### IV.   FACTUAL BASIS FOR THE PLEA

If this case were to proceed to trial, the government would prove the following facts, among others, through witness testimony and exhibits. This memorandum sets forth only the essential facts that would need to be proved to establish the elements of the offenses charged.

On January 15, 2026, Edward Eberwine arrived at Miami International Airport from Puerto Plata, Dominican Republic, on American Airlines Flight Number AA2273. Miami was Eberwine's layover city on the way to his home in Chicago, Illinois. Flight records show that Eberwine originally left the United States on a flight to Punta Cana, Dominican Republic, from Chicago, Illinois, on January 10, 2026. A U.S. Customs and Border Protection (CBP) officer referred Eberwine to secondary inspection based on his accessing child pornography, or child sexual abuse material (CSAM) in 2025.

At secondary inspection, CBP officers found an Apple iPhone and an Apple laptop, which the defendant acknowledged belonged to him. CBP officers asked Eberwine for the passcode to unlock the devices, and he complied by providing the passcode for his Apple

iPhone. He refused to provide a passcode for his Apple laptop, and further, tried to dissuade inspection of the device by claiming that it was water damaged.

The phone was placed in airplane mode by agents. A manual inspection of the defendant's Apple iPhone revealed a number of applications that had been installed, including Signal and Telegram. Within the Signal application on the phone were approximately 50 videos[1] depicting CSAM that were contained within a group chat in which the defendant was a member, including the following:

- An approximately 3-minute 25-second video depicting a nude girl, who appears to be between the ages of 7 and 9 years old, with exposed genitalia being vaginally penetrated by a penis;

- An approximately 23-second video depicting a nude girle, who appears to be between the ages of 7 and 11 years old, with exposed genitalia and masturbating;

- An approximately 52-second video depicting an adult male inserting a penis inside an infant's mouth;

- An approximately 29-second video depicting an adult male inserting a penis inside an infant's mouth; and

- An approximately 10-second video depicting a male, who appears to be 3 to 4 years old performing oral sex on an adult male.

Agents also observed several thumbnails which appeared to contain CSAM, but which could not be accessed while in airplane mode. HSI agents attempted to interview the defendant but he declined and asked to speak to an attorney. All total, the forensic review uncovered

---

[1] Each second of a video which contains CSAM is deemed to be the equivalent of 24 images. *See United States v. Haggerty*, 107 F.4th 175, 188 (3d Cir. 2024)

hundreds of images and videos of CSAM, consistent with the CSAM descriptions above.

## V.    <u>PLEA AGREEMENT</u>

The parties have executed a plea agreement, that will be presented to the Court during a hearing regarding entry of the guilty plea. The agreement includes a supplement to be filed under seal.

## VI.    <u>CONCLUSION</u>

The government requests that the Court conduct a hearing under Federal Rule of Criminal Procedure 11 and if warranted then accept the defendant's plea of guilty.

Respectfully submitted,

DAVID METCALF
United States Attorney


*/s Michelle Rotella*
MICHELLE ROTELLA
Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that this Change of Plea Memorandum has been served by email on:

Marc Neff, Esquire
Marc.neff.attorney@gmail.com

*/s Michelle Rotella*
MICHELLE ROTELLA
Assistant United States Attorney

DATED:  July 1, 2026.